FILED

2017 JUN 19 PM 12: 47

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS FLORIDA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ESTRELIA ACOSTA, an individual,

    Plaintiff,

vs.

CASE NO.:

2:17-CV-342-FtM-38MRM

PEDIATRIC GASTROENTEROLOGY,
HEPATOLOGY AND NUTRITION OF
FLORIDA, P.A., a Florida profit corporation,

    Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Esterlia Acosta ("Plaintiff"), by and through undersigned counsel, hereby sues Defendant, Pediatric Gastroenterology, Hepatology and Nutrition of Florida, P.A. ("Defendant"), and alleges as follows:

### INTRODUCTION

1. This is an action brought pursuant to the Fair Labor Standard Act of 1938, as amended, 29 U.S.C. § 201, *et seq.* ("FLSA") to recover unpaid overtime compensation, liquidated damages, and attorneys' fees and costs owed to Plaintiff.

### JURISDICTION AND VENUE

2. This Court has jurisdiction over this claim pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), as the events or omissions giving rise to the claims alleged herein occurred in Lee County, Florida and within the jurisdiction of the Middle District of Florida, Fort Myers Division.

## PARTIES

4. Plaintiff was and is a resident and citizen of Lee County, Florida. At all times pertinent, Plaintiff worked for Defendant in Lee County, Florida.

5. Defendant was and is a Florida profit corporation doing business in Lee County, Florida and subject to the requirements of the FLSA.

6. At all times material, Plaintiff was an employee of Defendant pursuant to 29 U.S.C. § 203(e)(1); Defendant was the employer of Plaintiff within the meaning of 29 U.S.C. §§ 203(a) and (d); and Defendant employed Plaintiff within the meaning of 29 U.S.C. § 203(g).

## FLSA COVERAGE

7. At all times material, Defendant was an enterprise covered by the FLSA, as defined by 29 U.S.C. § 203(r) and 203(s).

8. At all times material, Defendant was an employer as defined by 29 U.S.C. § 203(d).

9. Upon knowledge and belief, Defendant had annual gross revenues over $500,000.00 per year.

## GENERAL ALLEGATIONS

10. Defendant employed Plaintiff in Lee County, Florida from approximately December 5, 2014 through March 9, 2017.

11. On or about December 5, 2014, Plaintiff was hired by Defendant as a medical secretary/front desk associate, making $9.00 per hour, which then increased to $10.00 per

hour in or around April 2015, to $11.00 per hour in or around January 2016, and to $12.00 per hour in or around December 2016.

12. In or around January 2017, Plaintiff was promoted to medical assistant at the same pay rate of $12.00 per hour.

13. Defendant failed to properly compensate Plaintiff for her hours worked over forty (40) hours in a workweek.

14. Plaintiff's primary job duties as a medical secretary included but were not limited to, cleaning, translating, answering phones, filing dictations, and most or all other secretarial functions. Plaintiff's added job duties as a medical assistant included, but were not limited to, assisting with pending labs and other medical assistant related tasks.

15. Defendant knew about the overtime provision of the FLSA before hiring Plaintiff.

16. Defendant knew that it was a violation of the FLSA not to compensate Plaintiff at rate of not less than one and one-half her regular rate for all hours worked in a work week over forty (40) hours.

17. Plaintiff worked over forty (40) hours in one or more workweeks while employed by Defendant. Specifically, Plaintiff regularly worked a minimum of forty-five (45) hours per week for Defendant.

18. During her employment with Defendant, Plaintiff was not properly compensated at one and one-half (1 and 1/2) her regular rate for overtime hours worked.

19. Despite working more than forty (40) hours in a workweek, Plaintiff did not receive overtime compensation at a rate not less than one and one-half (1 and 1/2) times her

regular rate for such overtime hours. In fact, Plaintiff received no compensation whatsoever for an hours worked over forty (40) in a workweek.

20. Defendant willfully violated the FLSA.

21. Upon information and belief, the records, to the extent any exist, concerning the number of hours worked and amounts to be paid to Plaintiff are in the possession and custody of Defendant.

22. Plaintiff has been required to retain counsel to prosecute the claims herein, and is obligated to pay counsel reasonable attorneys' fees and costs.

## COUNT I
### (Overtime Compensation Due Under the FLSA)

23. Plaintiff re-alleges paragraphs 1 through 22 as if set forth fully herein.

24. Plaintiff worked more than forty (40) hours in a week one or more weeks during her employment with Defendant.

25. Defendant failed to compensate Plaintiff overtime compensation at a rate not less than one and one-half (1 and 1/2) times her regular rate for hours worked over forty (40) in a workweek.

26. Defendant's failure to provide Plaintiff overtime compensation at a rate not less than one and one-half (1 and 1/2) times her regular rate for hours worked over forty (40) in a workweek constitutes a violation of the FLSA, 29 U.S.C. § 207.

27. Defendant's violations of the FLSA were knowing and willful.

WHEREFORE, Plaintiff respectfully requests that this Court:

    a. accept jurisdiction over this action;

b. award damages for the amount of unpaid overtime compensation owed to Plaintiff;

c. award liquidated damages, pursuant to 29 U.S.C. § 216(b), in an amount equal to the overtime compensation owed to Plaintiff;

d. award post-judgment interest and reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b);

e. entry of final judgment against Defendant; and

f. award all other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff does hereby demand a Jury Trial on all issues and claims so triable.

_____
Bradley P. Rothman, Esq.
Florida Bar No. 0677345
brothman@weldonrothman.com
WELDON & ROTHMAN, PL
7935 Airport-Pulling Road N. Suite 205
Naples, Florida 34109
Tel: (239) 262-2141
Fax: (239) 262-2342
*Counsel for Plaintiff*